IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RODRIGO JIMENEZ-RAMIREZ, #58559-280,<br><br>Petitioner,<br><br>v.<br><br>ESTELLA DERR,<br><br>Respondent. | CIVIL NO. 22-00139 JAO-RT<br><br>**DISMISSAL ORDER** |

**DISMISSAL ORDER**

Before the Court is pro se Petitioner Rodrigo Jimenez-Ramirez's ("Jimenez-Ramirez") Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Jimenez-Ramirez alleges that officials at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu"): (1) denied him adequate medical care (Ground One); and (2) denied him "reasonable access to Administrative Remedies" and "access to the courts" (Ground Two). *Id.* at 6.

The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because Jimenez-Ramirez does not challenge the fact or duration of his confinement, the Petition is DISMISSED without prejudice, but without leave to amend. Any claims relating to the conditions of Jimenez-Ramirez's confinement

must be raised, if at all, in an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or 28 U.S.C. § 1331.

## I. BACKGROUND

In 2021, in the United States District Court for the Western District of Texas, Jimenez-Ramirez was sentenced to thirty-seven months' imprisonment for reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) & (b)(1). *See* ECF No. 1 at 1; *see also* Judgment in a Criminal Case, *United States v. Jimenez-Ramirez*, Case No. 4:21-cr-00280-DC-1 (W.D. Tex. Sept. 1, 2021), ECF No. 23.[1] Jimenez-Ramirez is currently in the custody of the BOP at FDC Honolulu. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (enter "Rodrigo" in "First" field and "Jimenez-Ramirez" in "Last" field; select "Search") (last visited May 3, 2022). The BOP's inmate locator reflects that Jimenez-Ramirez's projected release date is October 24, 2023. *Id.*

The Court received the Petition on April 1, 2022, ECF No. 1, and Jimenez-Ramirez paid the associated filing fee on April 18, 2022, ECF No. 4. Jimenez-Ramirez alleges in the Petition that officials at FDC Honolulu: (1) denied him adequate medical care (Ground One); and (2) denied him "reasonable access

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

to Administrative Remedies" and "access to the courts" (Ground Two). *Id.* at 6. Jimenez-Ramirez asks the Court for an order directing officials at FDC Honolulu "to properly examine and treat [him]" and "to follow Bureau of Prisons policy regarding Administrative Remedies." *Id.* at 8.

## II.   SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010). This rule also applies to a habeas petition brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

## III.   DISCUSSION

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a federal prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The district court must "award the writ or issue an order directing the respondent to

3

show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto." 28 U.S.C. § 2243.

The Ninth Circuit has said that 28 U.S.C. § 2241 is the appropriate avenue for relief when a federal prisoner "challenges the *fact or duration* of his confinement." *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (emphasis added) (citations and footnote omitted); *see also Alcala v. Rios*, 434 F. App'x 668, 669 (9th Cir. 2011) ("The district court correctly concluded that [the federal prisoner's] claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement." (citation omitted)).

In contrast, the appropriate avenue for a federal prisoner asserting a civil rights violation based on the *conditions* of his confinement is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or 28 U.S.C. § 1331.[2]  *See Tucker*, 925 F.2d at 332; *see also Brown v.*

---

[2] In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 582 U.S. ___, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted).  Even where a *Bivens* remedy exists, it "does not encompass injunctive and declaratory relief where . . . the equitable relief sought requires official government action." *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) (citations omitted).  In some circumstances, however, plaintiffs may file non-*Bivens* actions for injunctive relief to stop ongoing constitutional violations, *see Bacon v. Core Civic*, Case No. 2:20-cv-00914-JAD-VCF, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) (footnote omitted).  For example, injunctive relief might be available where a plaintiff:  (1) invokes jurisdiction under 28 U.S.C. § 1331; (2) alleges facts sufficient to state a

(continued . . .)

*Blanckensee*, 857 F. App'x 289, 290 (9th Cir. 2021) ("As the district court correctly concluded, the appropriate remedy for these claims lies in a civil rights action under *Bivens* . . . rather than a § 2241 petition." (citations omitted)).

Here, Jimenez-Ramirez alleges that officials at FDC Honolulu: (1) denied him adequate medical care (Ground One); and (2) denied him "reasonable access to Administrative Remedies" and "access to the courts" (Ground Two). ECF No. 1 at 6. Jimenez-Ramirez asks the Court for an order directing officials at FDC Honolulu "to properly examine and treat [him]" and "to follow Bureau of Prisons policy regarding Administrative Remedies." *Id.* at 8. Jimenez-Ramirez's claims, therefore, relate to the *conditions* at FDC Honolulu, not the *fact or duration* of his confinement. *See Crumpton v. Fox*, No. CV 14-2460 JAK (AJW), 2014 WL 4829054, at *2 (C.D. Cal. Sept. 26, 2014) ("Petitioner's complaint[] about the BOP's . . . inadequate medical care . . . [does] not implicate the fact or duration of his confinement."); *Isom v. Matevousian*, Case No. 1:18-cv-00149-MJS (HC), 2018 WL 1505431, at *2 (E.D. Cal. Mar. 27, 2018) ("[A] petition for writ of habeas corpus brought pursuant to § 2241 is not the proper vehicle for the [access to courts claim] Petitioner presents.").

---

(. . . continued)
colorable ongoing constitutional claim; (3) sues and identifies the person who would be responsible for carrying out any order for injunctive relief; and (4) requests particular injunctive relief that is specifically and narrowly targeted to resolving the ongoing violation. *See id.*

Because success on Jimenez-Ramirez claims would not necessarily lead to his immediate or earlier release from confinement, they must be raised, if at all, in an action under *Bivens* or 28 U.S.C. § 1331.  *See Schulze v. Kobayashi*, No. 20-00222 DKW-RT, 2020 WL 2544407, at *1 (D. Haw. May 19, 2020) ("If success on a habeas petitioner's claim would not *necessarily* lead to his immediate or earlier release from confinement, the claim does not fall within 'the core of habeas corpus' and, thus, is not cognizable under 28 U.S.C. § 2241." (citation omitted)); *see also Greenhill v. Lappin*, 376 F. App'x 757, 757 (9th Cir. 2010) ("The appropriate remedy for [a federal prisoner's] claim, which relates to the conditions of his confinement, lies in a civil rights action under *Bivens*[.]" (citations omitted))  Accordingly, the Petition is DISMISSED without prejudice, but without leave to amend.

### IV.  CONVERSION OF THE PETITION

A district court may construe a petition for habeas corpus to plead a civil rights cause of action after notifying and obtaining informed consent from the prisoner.  *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc).  The Court declines to convert Jimenez-Ramirez's Petition into a civil rights complaint, however, because of the differences in the procedures undertaken in habeas proceedings and civil rights actions.

First, if the Court converted the Petition into a civil rights complaint, Jimenez-Ramirez would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust fund account in accordance with the availability of funds.  *See* 28 U.S.C. §§ 1914, 1915(b).  Any dismissal of the action at the pleading stage would not terminate Jimenez-Ramirez's duty to pay the $350 filing fee.  Here, the Petition was not accompanied by the $350 filing fee or an authorization by Jimenez-Ramirez to have the $350 filing fee deducted from his trust fund account pursuant to 28 U.S.C. § 1915(b).

Second, "[n]o action shall be brought with respect to prison conditions under section 1983 of [Title 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "The Supreme Court has acknowledged . . . that federal prisoners suing under *Bivens* must first exhaust inmate grievance procedures." *Hoffman v. Preston*, 26 F.4th 1059, 1070 (9th Cir. 2022) (internal quotation marks, brackets, and citation omitted).  Here, it is unclear if Jimenez-Ramirez has satisfied this exhaustion requirement.  *See* ECF No. 1; *see also Seina v. Fed. Detention Ctr.-Honolulu*, Civ. No. 16-00051 LEK-KJM, 2016 WL 6775633, at *5 (D. Haw. Nov. 15, 2016) (describing the BOP's four-step administrative remedy procedure).

Based on the foregoing, the Court concludes that the Petition is not amenable to conversion due to the differences and disadvantages that recharacterization may have on Jimenez-Ramirez's claims.  This does not prevent Jimenez-Ramirez from filing a civil rights action after he considers his options.

## V.	CONCLUSION

(1) The Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DISMISSED without prejudice, but without leave to amend.

(2) To the extent Jimenez-Ramirez has conditions of confinement claims that do not impact the fact or duration of his confinement, those claims are DISMISSED without prejudice to raising them in a separate action.

(3) The Clerk is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, May 3, 2022.



Jill A. Otake
United States District Judge